1   COOLEY LLP
    JOHN W. CRITTENDEN (101634)
2   (jcrittenden@cooley.com)
    GAVIN L. CHARLSTON (253899)
3   (gcharlston@cooley.com)
    KATHLYN A. QUERUBIN (275085)
4   (kquerubin@cooley.com)
    101 California Street, 5th Floor
5   San Francisco, CA  94111-5800
    Telephone:   (415) 693-2000
6   Facsimile:    (415) 693-2222

7   COOLEY LLP
    JEFFREY T. NORBERG (215087) (jnorberg@cooley.com)
8   Five Palo Alto Square
    3000 El Camino Real
9   Palo Alto, CA  94306-2155
    Telephone:   (650) 843-5000
10  Facsimile:    (650) 849-7400

11  Attorneys for Plaintiff and
    Counterclaim Defendant
12  BDO REMIT (USA), INC.

13  [Additional counsel listed on next page]

14          UNITED STATES DISTRICT COURT

15          CENTRAL DISTRICT OF CALIFORNIA

16               WESTERN DIVISION

17

| | |
|---|---|
| BDO REMIT (USA), INC., a California corporation, | Case No.  CV11-04054 MMM (CWx) |
| Plaintiff, | **STIPULATED [AND PROPOSED] PROTECTIVE ORDER** |
| v. | [Lodged Concurrently with Stipulated Protective Order] |
| STICHTING BDO, a Netherlands corporation, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 Anthony M. Basich (State Bar No. 100224)
  HOGAN LOVELLS US LLP
2 1999 Avenue of the Stars, Suite 1400
  Los Angeles, California  90067
3 Telephone:  (310) 785-4600
  Facsimile:  (310) 785-4601
4 anthony.basich@hoganlovells.com

5 Jeffrey A. Schwab (*pro hac vice*)
  Michael Aschen (*pro hac vice*)
6 Anthony J. DiFilippi (*pro hac vice*)
  Michael J. Schwab (*pro hac vice*)
7 ABELMAN, FRAYNE & SCHWAB
  666 Third Avenue
8 New York, New York 10017
  Telephone: (212) 949-9022
9 Facsimile: (212) 949-9190
  jaschwab@lawabel.com
10 maschen@lawabel.com
  ajdifilippi@lawabel.com
11 mjschwab@lawabel.com
12

13 Attorneys for Defendant and Counterclaimant
  STICHTING BDO

982757HN      2.    STIPULATED [AND PROPOSED]
                    PROTECTIVE ORDER
                    CV11-04054 MMM (CWx)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

WHEREAS Plaintiff and counter-defendant BDO Remit, Inc. ("BDO Remit") and Defendant and counterclaimant Stichting BDO ("Stichting BDO") (collectively, the "Parties") are parties to the above-referenced Case No. CV11-04054 MMM (CWx) ("the Action");

WHEREAS discovery in the Action may involve the disclosure of certain documents, things and information in the possession, custody or control of BDO Remit, Stichting BDO, or non-parties, which constitute or contain trade secrets or other confidential proprietary or commercial information;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the Parties or non-parties;

WHEREAS the Parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of the Action and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the Parties have established good cause for entry of this Protective Order;

THEREFORE, for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or non-parties, or filed with the Court, in the Action shall be provided subject to the following conditions:

1.     **Scope.**  This Protective Order shall apply to all documents and portions thereof, things, or any other form of evidence or information subject to discovery or that can be protected under Fed. R. Civ. P. 26(c) in the Action that are owned, possessed, or controlled by a Party or a non-party, provided that such non-parties receive and agree to be bound by the terms of this Order ("Producing Party"), and that contain the Producing Party's trade secrets or other confidential proprietary or commercial information and all information

1  derived therefrom ("Protected Material"), including, without limitation,

2  documents, things, deposition testimony, interrogatory answers, answers to

3  requests for admissions, and other discovery materials that are provided to or

4  received by another party or non-party in the Action ("Receiving Party"),

5  whether produced informally or in response to formal methods of discovery.

6      2.    **Designations and Duties.**  It shall be the duty of the Producing

7  Party to give notice of the Protected Material designated to be covered by this

8  Protective Order in the manner set forth in Paragraph 5 below.  The duty of

9  the Receiving Party or parties and of all other persons bound by this

10  Protective Order to maintain the confidentiality of Protected Material so

11  designated shall commence with such notice.  Subject to the provisions of this

12  Order, Protected Material shall be designated by the Producing Party with the

13  designation    "CONFIDENTIAL"    or    "CONFIDENTIAL-OUTSIDE

14  ATTORNEYS' EYES ONLY".

15      (a)  Definition of "CONFIDENTIAL."  Protected Material may

16  be designated "CONFIDENTIAL" if the Producing Party believes in

17  objective good faith that such material constitutes or discloses or relates to

18  processes, operations, research, technical or developmental information,

19  production, marketing, sales, or other proprietary data or information of

20  commercial value, or personnel or customer or otherwise personal private

21  data that is protected from public disclosure by a person's right to privacy.

22      (b) Definition of "CONFIDENTIAL-OUTSIDE ATTORNEYS'

23  EYES    ONLY."    Protected    Material    may    be    designated

24  "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" if the

25  Producing Party believes in objective good faith that such material meets the

26  standard for designation of "CONFIDENTIAL," and in addition, constitutes

27  or discloses or relates to (a) materials constituting, disclosing, or relating to

28

982757HN                          4.                    STIPULATED [AND PROPOSED]
                                                         PROTECTIVE ORDER
COOLEY LLP                                               CV11-04054 MMM (CWx)
ATTORNEYS AT LAW
SAN FRANCISCO

future product or service offerings, including future business plans, future advertising or marketing plans or designs, and technical data; (b) materials constituting, disclosing, or relating to the Producing Party's current product or service offerings that the Producing Party reasonably believes will harm its competitive position if the information becomes known to a party other than the Receiving Party's outside counsel, including licensing agreements, franchising agreements, and/or confidential internal business guidelines or procedures; or (c) materials constituting, disclosing, or relating to sensitive financial information, including sales and net profit information or the identification of customers or potential customers, the disclosure of which the Producing Party reasonably, believes will harm its competitive position if the information becomes known to a party other than the Receiving Party's outside counsel, including material relating to revenues, profits, and losses.

3.  **Method of Designation.**  Each page of any material the Producing Party wishes to designate as Protected Material must be labeled with the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" at the time the material, or a copy thereof, is provided to the Receiving Party, or at any time thereafter.  In the case of material contained in or on media other than paper (e.g., natively produced documents), the Producing Party shall affix such a label to the material or file name, or use its best efforts to identify the material as Protected Material. With respect to material produced by another Party, a Designating Party may give notice to all other Parties in the Action, in writing, that the material is Protected Material covered by this Protective Order.

4.  **Inadvertent Disclosure of Protected Material.**  The failure by a Producing Party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

of confidentiality as to such documents or materials. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the information that was inadvertently disclosed beyond those persons authorized to review such information pursuant to Paragraphs 11-13, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

5.      **Designation Of "Confidential" Or "Highly Confidential – Attorneys' Eyes Only" Information At Depositions.** All testimony provided in a deposition and deposition exhibits will be treated as CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY for fourteen (14) days from the day the Producing Party received the final deposition transcript from the court reporter. At the expiration of the fourteen (14) day period, the transcript and exhibits will no longer be treated as Protected Material unless: (1) at the deposition, counsel for the Producing Party identifies on the record certain portions of the deposition transcript and/or exhibits that contain Protected Material or (2) counsel for the Producing Party provides written notice to counsel for the Receiving Party identifying the portions of the transcript and/or exhibits that contain Protected Material. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party. Deposition exhibits previously designated as containing Protected Material do not need to be re-designated to retain their protection under this Protective Order. Notwithstanding the above, counsel for a Party may make a request at any time prior to the expiration of the

982757HN

6.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

fourteen (14) day period for permission to treat certain portions of the transcript as not containing Protected Material and that request shall not be unreasonably denied in cases where it is apparent that the designated portions do not contain material that warrants confidential treatment pursuant to the terms of this Order.

  a. At any deposition session, when counsel for a Producing Party deems that the answer to a question will result in the disclosure of Protected Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated in accordance with a designation under Paragraph 2 of this Protective Order.  Counsel for the Producing Party whose Protected Material is involved may also request that all persons other than the witness and individuals who may have access to such Protected Material under the appropriate designation in Paragraph 2 of this Order, leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel for the Producing Party to advise the witness that the witness need not answer the question.

  b. Deposition transcripts containing Protected Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO A PROTECTIVE ORDER." Deponents may review their own transcript designated pursuant to Paragraph 2 of this Order to ensure that it is accurate and complete, but no deponent (other than individuals who may have access to the same material under this Order) may retain or copy any portion of the transcript of the deposition that contains the designated material without permission of the Producing Party.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

6. **Court Reporter at Deposition.** Provided that they receive and agree to bound by this Protective Order, any court reporters who transcribe testimony in this action at a deposition shall treat all Protected Material as confidential and will not disclose Protected Materials except as provided under this Order.

7. **Copies, Summarizations, Extracts Protected.** Protected Material designated under Paragraph 2 of this Protective Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 7 above. To the extent feasible, interrogatory answers and responses to requests for admission shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

8. Each Party and all other persons bound by the terms of this Protective Order shall use any material designated as Protected Material by a Producing Party other than itself only for the purpose of this Action (including any appeal), and not for any other purpose.

9. **Permissible Disclosures of CONFIDENTIAL Protected Material**. Only the following persons shall have access to or retain material designated as "CONFIDENTIAL" pursuant to Paragraph 2(a) of this Protective Order:

    a. the Court and its official personnel involved in this

982757HN

8.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

Action, including, but not limited to, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

b. the Parties in this Action and their respective employees, who are necessary participants in the prosecution or defense of this Action;

c. in-house legal counsel for BDO Remit's parent company, BDO Unibank Inc., who are necessary participants in the prosecution or defense of this Action;

d. outside counsel for the Parties in this Action. For the purposes of this Protective Order, "Outside Counsel" means attorneys for the law firms retained by the Parties, including partners, associates, staff attorneys, paralegals, secretaries, paralegal assistants and employees of such attorneys in connection with work on this Action;

e. outside litigation support personnel retained by Outside Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

f. any person who was an author of the Protected Material, who was involved in the preparation of such material, who received or reviewed such material for purposes other than this Action, or who has been alleged to have received or reviewed such material for purposes other than this Action;

g. provided that the procedure described in Paragraph 11 below is followed, outside experts and consultants retained by the Receiving Party's Outside Counsel to assist in this litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials), who are not past or present full-time employees of the Receiving

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Party or of an affiliate of the Receiving Party or any other Party.

10.     **Permissible Disclosures of** "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" **Protected Material**.   Only the following persons shall have access to or retain material designated as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES' ONLY" pursuant to Paragraph 2(b) of this Protective Order:

a.     the Court and its official personnel involved in this Action, including, but not limited to, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

b.     outside counsel for the Parties in this Action;

c.     outside litigation support personnel retained by Outside Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

d.     any person who was an author of the Protected Material, who was involved in the preparation of such material, or who received or reviewed such material for purposes other than this Action;

e.     provided that the procedure described in Paragraph 11 below is followed, outside experts and consultants retained by the Receiving Party's Outside Counsel to assist in this litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials), who are not past or present full-time employees of the Receiving Party or of an affiliate of the Receiving Party or any other Party.

11.     **Agreement By Persons Accessing Protected Materials.**  All persons identified in paragraphs 9 who, in the course of the case, may be given access to "CONFIDENTIAL" material and all persons identified in

982757HN

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

paragraphs 10 who, in the course of the case, may be given access to "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" material shall be required to read this Protective Order and agree, in writing, to be bound by this Protective Order by executing an acknowledgment in the form of Exhibit A that is annexed to this Protective Order.  All such acknowledgments shall be maintained in the files of the counsel allowing access by such person to the "CONFIDENITAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" material.

11.   **Disclosure of Protected Materials.**   Before counsel for a Receiving Party may disclose material designated as Protected Material to a designated testifying outside expert as described in Paragraphs 9(g) or 10(e) above, that counsel shall give advance notice as follows:  Counsel for the Receiving Party seeking to make the disclosure shall provide written notice to counsel for the Producing Party and all other parties to this litigation, an executed copy of the Confidentiality Undertaking attached hereto, and a current copy of the curriculum vitae of the person(s) to whom the designated Protected Material is to be disclosed.  Such written notice may be provided by electronic mail.  Counsel for the Receiving Party need not specifically identify the designated Protected Material intended to be disclosed.  The Producing Party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the five-day period for objections has elapsed, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing to the counsel for the party seeking to make the disclosure.  If the parties are unable to resolve the objection after conferring in good faith, pursuant to Fed. R. Civ. P. 26(c), the dispute shall be resolved in accordance

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

with Local Rule 37.  A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection.  Until the dispute is resolved by order of the Court or agreement in writing between the Receiving Party and the Producing Party, no disclosure shall be made to the objected-to person or persons.  Before counsel for a Receiving Party may disclose material designated as Protected Material to non-testifying experts and consultants, counsel shall obtain from such non-testifying experts or consultants an executed copy of the Confidentiality Undertaking attached hereto, but does not have to provide a copy of the executed Confidentiality Undertaking to counsel for the Producing Party.

12.    **Motion to Disclose**.  In the event that a Party desires to provide access to specific material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" hereunder to any person or category of persons not included in Paragraphs 9 or 10 hereof, that party shall identify the specific material at issue, meet and confer with the other party about the same, and the parties may agree to the disclosure in writing.  If such an agreement cannot be reached, the party seeking to disclose the Protected Material may move this Court for an order that such person or category of persons may be given access to such documents.  The party asserting confidentiality shall have the burden of establishing the confidentiality of any documents challenged in a motion to disclose.  In the event that the motion is granted, such person or category of persons may have access to such documents on whatever conditions or terms the Court shall require.

13.    **Dedesignation**.  The Parties agree to work together in good faith to resolve disputes over whether material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" are within

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

the scope of materials to be protected from disclosure by this Protective Order.  For purposes of the Action or any other action, no Party concedes that any Protected Material designated by any other person does in fact contain or reflect trade secrets or other confidential proprietary or commercial information.  A party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.  If a Receiving Party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

a.    The Receiving Party seeking such removal shall give counsel of record for the Producing Party notice thereof, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The Producing Party shall have five (5) business days after receiving that notification within which to object to the removal of protection afforded by this Order.  Any such objection shall be made in writing.  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b.    If the Parties, or the Party and non-party, cannot reach agreement concerning the matter, the dispute shall be resolved in accordance with Local Rule 37.  The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties or the Party and non-party. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who is the Producing Entity with respect to the materials at issue and such non-party Producing Entity shall have standing to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

oppose such motion before the Court.

14. **Filing Under Seal**. Either Party may request that the Court permit filing of any material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Paragraph 2 above, under seal and that such Protected Material be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper that contains, summarizes, or reflects any such designated material shall request that the material be filed under seal pursuant to Local Rule 79-5.  If filed under seal, such material shall remain sealed while in the office of the Clerk so long as the material retains its status as Protected Material and/or until further order of the Court.  Where possible, only portions of the filings designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or supporting papers so designated shall be filed under seal.  In such cases, the filing party should also file a redacted version of the filing and supporting papers.

15. **Client Consultation**.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Action and, in the course thereof, relying generally on examination of designated Protected Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

16. **Subpoena by Other Courts or Agencies**.  If another court or an administrative agency subpoenas or orders production of any designated Protected Material that a party has obtained in this Action under the terms of this Protective Order, such party shall promptly notify the Producing Entity or other person who designated the documents as such of the pendency of such

982757HN                    14.                    STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

subpoena or order within five (5) days of receiving said subpoena or order.  If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials.  Nothing in this Order restricts or limits a party's ability to comply with a lawful subpoena or order of a court or administrative agency; nor does this Order relieve a party of its obligation to comply with such a subpoena or order.

17.   **Use**.  Persons obtaining access to Protected Material under this Protective Order shall use the information only for preparation and trial of this Action (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

18.   **Modification and No Waiver**.  Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order (either by motion or agreement of the Parties hereto, subject to Court approval), from objecting or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court.  In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

19.   **Disclosure To Designating Party's Personnel.**  No person subject to this Protective Order may disclose, in public or private, any designated Protected Material designated by a party or non-party other than

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

itself, except as provided for in this Protective Order or as further ordered by the Court.  Nothing herein, however, shall affect the right of the Producing Party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.  Further, nothing contained herein shall preclude a Producing Entity from voluntarily waiving any provision in this Order with respect to any designated Protected Material without further order of the Court.

20.   **Inadvertent Disclosure of Privileged Information.**   If, in connection with the Action, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter.  If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Privileged Information, the Receiving Party will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed.

21.   **Non-Termination**.   Except for materials covered by this Protective Order that are on file or otherwise in possession of the Court, within thirty (30) days after final conclusion of all aspects of this Action

Cooley LLP
Attorneys At Law
San Francisco

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

(including any appeal), unless otherwise agreed to in writing by counsel for the Producing Party, material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" and all copies of same shall be returned to the party or person that designated such documents or shall be destroyed from all reasonably accessible locations. All counsel of record shall make certification of compliance herewith, and shall deliver the same to counsel for the party who produced the documents not more than forty-five (45) days after final termination of this Action (including any appeal). Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, transcripts, exhibits, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

22. **Responsibility of Attorneys**. The attorneys of record shall exercise all reasonable care to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Protected Material.

23. **Protected Material at Trial**. This Protective Order governs the confidentiality of designated Protected Material before and after trial. Nothing contained in this Order shall restrict or limit any Party's right to present designated Protected Material to the jury or the Court during a trial in this Action. Confidentiality concerns at trial must be separately raised with the Court at the appropriate time.

24. **Notice.** Notices under this Protective Order shall be provided to the Parties' respective counsel of record at their addresses of record, unless this provision is modified by the Parties in writing.

25. Third party discovery in this proceeding may involve disclosure

of Protected Material, which if designated in conformity with the provisions of this Protective Order, shall be subject to the provisions herein and provide the non-party with all of the rights and obligations set forth herein.

26.     **Good Faith Designations.**  Each party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (1) to impose burden or delay on an opposing party, or (2) for tactical or other advantage in litigation. Further, each party agrees to make best efforts to avoid as much as possible inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Material.

27.     The protection afforded by this Protective Order shall in no way affect a party's or non-party's right to withhold documents as (i) privileged under the attorney-client or other privilege, (ii) protected by the work product doctrine, or (iii) otherwise exempted from discovery under Fed. R. Civ. P. 26.

28.     The restrictions set forth in this Protective Order shall not apply to documents, things, or information that the Parties agree, or that the Court rules:

a.     have become public knowledge in a manner other than through a violation of this Order; or

b.     have been independently obtained by the non-designating party, as evidence by written documentation.

29.     Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by all of the Parties, it will be treated as though it has been "So Ordered."

30.     The provisions of this Protective Order shall not terminate at the conclusion of this Action.  The provisions shall remain in full force and effect

982757HN                                    18.                    STIPULATED [AND PROPOSED]
                                                                   PROTECTIVE ORDER
COOLEY LLP                                                         CV11-04054 MMM (CWx)
ATTORNEYS AT LAW
SAN FRANCISCO

after the conclusion of this Action to provide the Court with jurisdiction to enforce its terms.  In the event anyone shall violate, or threaten to violate, any term of this Order, the Parties hereto agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall do so, no party subject to the provisions of this Order shall employ as a defense thereto or claim that the aggrieved party possesses an adequate remedy at law.  Each person to whom disclosure of any designated Protected Material is made agrees to subject himself to the jurisdiction of the Court in which this action is

pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**IT IS SO ORDERED.**

Dated: November 28, 2011 _____/s/_____

Honorable Carla Woehrle

U.S. Magistrate Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CV11-04054 MMM (CWx)

# EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

1.      I, _____, reside at _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation entitled *BDO Remit (USA), Inc. v. BDO Stichting*, CV11-04054 MMM (CWx) (the "Action").

5.      I read the foregoing Protective Order entered in the Action on _____.

6.      I am fully familiar with the Protective Order and agree to be bound by its terms.  I understand that I must retain all copies of any documents or information designated as "CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any "CONFIDENTIAL" information are to be returned to counsel who provided me with such material.

7.      I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this Action, any information obtained pursuant to the Protective Order.  I also agree to notify any stenographic, clerical, or support personnel who are required to assist me of the terms of the Protective Order.

8.      In accordance with Paragraph 11 of the Protective Order (if applicable), I have attached my curriculum vitae to this executed Confidentiality Undertaking, which identifies my current employer and employment history for the past four (4) years, all publications that I have

**STIPULATED [AND PROPOSED]**
**PROTECTIVE ORDER**
**CV11-04054 MMM (CWx)**

authored in the previous ten (10) years, and the cases in which I have testified as an expert at trial or by deposition within the previous four (4) years.

9.     I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order and the punishment of violations thereof.


I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on :_____


Signature:     _____


Company:     _____

Address:     _____

_____

982757HN                                          21.                          **STIPULATED [AND PROPOSED]**
**PROTECTIVE ORDER**
**CV11-04054 MMM (CWx)**

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO